UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BILLIE JOE LONGANECKER, II,

            Plaintiff,                                        Hon. Ellen S. Carmody

v.

                                                    Case No. 1:16-cv-417

COMMISSIONER OF
SOCIAL SECURITY,

            Defendant.

_____/

**OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 9). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

2

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 34 years of age on his alleged disability onset date. (PageID.329). He successfully completed high school and previously worked as a truck driver. (PageID.217). Plaintiff applied for benefits on October 29, 2013, alleging that he had been disabled since October 22, 2013, due to bi-polar disorder, depression, anxiety, and a left-shoulder impairment. (PageID.327-38, 357). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.246-325).

On April 8, 2015, Plaintiff appeared before ALJ Thomas Walters with testimony being offered by Plaintiff and a vocational expert. (PageID.222-44). In a written decision dated April 22, 2015, the ALJ issued a decision finding that Plaintiff was not disabled. (PageID.209-18). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.20-25). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).   The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v.*

---

[1]1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4.  If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5.   If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

4

*Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) left shoulder rotator cuff status post repair; (2) bipolar disorder; (3) depression; and (4) anxiety, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.211-14).  With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he cannot perform reaching or lifting above the shoulder with his left arm; (2) he is limited to simple, routine, repetitive tasks free of fast-paced production requirements; (3) the work can only involve simple work-related decisions and routine work place changes; (4) he cannot have contact with the public and only occasional contact with co-workers and supervisors; and (5) he will be on task at least 90 percent of the time.  (PageID.214).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964.  Accordingly,

ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 130,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.239-43). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

## I.        The ALJ Properly Evaluated the Record

On March 31, 2015, Julie Robert, L.L.P., one of Plaintiff's therapists, reported Plaintiff's GAF score as 35.[2] (PageID.696). The ALJ afforded "little weight" to this observation, however, on the ground that GAF scores "are merely 'snapshots in time' and not indicative of any longitudinal functional abilities or limitations." (PageID.216). Plaintiff argues that because the ALJ failed to accord controlling weight to his GAF score, he is entitled to relief.

As the Sixth Circuit recognizes, a GAF score "may help an ALJ assess mental RFC, but it is not raw medical data." *Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 503 n.7 (6th Cir., Feb. 9, 2006). Accordingly, the ALJ is not required "to put stock in a GAF score

---

[2] The Global Assessment of Functioning (GAF) score refers to the clinician's judgment of the individual's overall level of functioning. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 2000) (hereinafter DSM-IV). A GAF score of 35 indicates that the individual is experiencing "some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." DSM-IV at 34.

in the first place." *Id.* at 511 (citing *Howard v. Commissioner of Social Security*, 276 F.3d 235, 241 (6th Cir. 2002)).  Moreover, a GAF score is nothing more than "subjective opinions, representing a snapshot of a person's level of functioning at a given moment in time, not a rating of their ability to work." *Lester v. Commissioner of Social Security*, 2015 WL 869257 at *5 n.2 (W.D. Mich., Feb. 27, 2015).

Even if the ALJ could consider GAF scores as competent evidence, a review of the record further supports the decision to afford little weight to Plaintiff's GAF score.  First, a review of Ms. Robert's entire report reveals that it suffers from significant internal inconsistencies. (PageID.690-99).  While a GAF score of 35 suggests a serious level of impairment requiring intensive (or even in-patient) treatment, the remaining portions of Ms. Robert's assessment are instead completely consistent with the ALJ's RFC determination.  For example, elsewhere in her assessment Ms. Robert described Plaintiff's mood as "cooperative," his "thought/content/perceptions" as "unremarkable," his speech as "normal for age & intellect," and his behavior/motor activity as "normal/alert."  (PageID.694).  Ms. Robert further observed that Plaintiff was "oriented to person, place and time," exhibited "fair" insight, demonstrated "good/normal" memory.  (PageID.695).  Plaintiff's "reality orientation" was characterized as "intact."  (PageID.695).  Moreover, there is nothing in the medical evidence of record which supports or is consistent with the GAF score in question.  (PageID.403-07, 438-42, 575-77, 595-638).  Rather, this evidence supports the ALJ's RFC assessment.  Accordingly, this argument is rejected.

## II.          The ALJ Properly Developed the Record

Prior to the administrative hearing, Plaintiff's counsel requested that the ALJ issue a subpoena compelling Timothy Strang, Ph.D., a psychologist who twice conducted consultive examinations of Plaintiff, to answer certain interrogatories.  (PageID.393-96, 403-07, 438-42).  The ALJ declined counsel's request on the ground that the doctor had already articulated "some limitations" regarding Plaintiff's functioning and, furthermore, because counsel's proposed interrogatories asked the doctor to opine whether Plaintiff was disabled, a matter reserved to the Commissioner.  (PageID.209).  Plaintiff argues that he is entitled to relief because the ALJ refused his subpoena request.

It is well accepted that it is the claimant's "responsibility to provide medical evidence showing that he is disabled."  *Smith v. Commissioner of Social Security*, 2011 WL 3421538 at *2 (W.D. Mich., Aug. 4, 2011).  While the ALJ must ensure that every claimant receives a full and fair hearing, where a claimant is represented by counsel, as was the case presently, "the ALJ may ordinarily rely on counsel to present the claimant's case and to develop [her] claims."  *Woelk v. Commissioner of Social Security*, 2014 WL 2931411 at *2 (E.D. Mich., June 30, 2014).

Moreover, an ALJ is not obligated to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional capacity or otherwise resolve his claims.  *See, e.g., Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000); *Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir., Dec. 11, 2003); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010); *Brown v. Commissioner of Social Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010).  As is recognized, "how much evidence to gather is a subject on which district courts must respect the Secretary's reasoned judgment."  *Simpson v. Commissioner*

*of Social Security*, 2009 WL 2628355 at *8 (6th Cir., Aug. 27, 2009) (citation omitted). As the court further observed, to obligate the Commissioner to obtain an absolute "complete record" in each case "literally would be a formula for paralysis." *Id.* (citation omitted).

The ALJ reasonably concluded that the record before him was sufficient to resolve Plaintiff's claim for benefits. In addition to the several hundred pages of records submitted by Plaintiff's therapists, counselors, and other care providers, the record contains Dr. Strang's two reports. (PageID.403-07, 438-42). The doctor's reports are thorough and document his observations and conclusions. Dr. Strang's conclusions are not inconsistent with the ALJ's decision and there is nothing to suggest that submission of counsel's proposed interrogatories would have advanced Plaintiff's cause. Moreover, as the ALJ noted, counsel's proposed interrogatories asked the doctor to comment on matters reserved to the Commissioner. Accordingly, this argument is rejected.

**III.          The ALJ Properly Assessed Plaintiff's Credibility**

The ALJ found Plaintiff to be less than credible, specifically stating:

> The claimant has a history of criminal activity and jail time. (7F, p.1). This evidence adversely affects the claimant's credibility, as it tends to put the claimant's credibility into question. The claimant was in jail for committing a crime of moral terpitude, child neglect, assault, and writing a fraudulent check. (*Id.*). Crimes of moral terpitude often involve dishonesty or other reprehensible behavior. The claimant's criminal history makes his credibility highly suspect.

(PageID.216).

Plaintiff argues that he is entitled to relief because the ALJ failed to establish a proper foundation for consideration of this evidence as required by Federal Rule of Evidence 609 which governs impeachment of a witness by evidence of a criminal conviction. Plaintiff argues that

9

compliance with Rule 609 is essential because "there is no evidence of any conviction for any charge." With respect to this issue, one of Plaintiff's care providers reported Plaintiff's own comments:

> The patient says that he has been to jail three times; first time was for child neglect when he was living in Florida and he was there for 36 days. Then he also wrote a worthless check for $46.00 and he was charged as a misdemeanor and he spent two days in jail in Florida. The patient also had sexual assault charge and was in jail for 20 days in 2009. He reports he had some sexual activity with another disabled woman and later on they found out that she [w]as an adult, had a bank account and her father pressed charges, but the charges were dropped and he was released. The patient says that the last time he was in county jail for assault with a deadly weapon. The patient reports he had a sword and he had somebody in the apartment building who are kind [o]f getting angry and he threatened them and then somebody called 911 and he ended up in jail for a night.

(PageID.575).

Plaintiff does not refute the accuracy of the doctor's treatment notes which are consistent with the ALJ's observations concerning Plaintiff's credibility. First, the Federal Rules of Evidence do not apply in administrative hearings before the Social Security Administration. *See, e.g., Williams v. Commissioner of Social Security*, 2012 WL 7766360 at *11 (N.D. Ohio, Oct. 31, 2012); *Hackle v. Colvin*, 2013 WL 1412189 at *11 (S.D. Ohio, Apr. 8, 2013); *Arnone v. Commissioner of Social Security*, 2012 WL 7658385 at *8 (W.D. Mich., Sept. 26, 2012). Furthermore, it is well accepted that an ALJ may, when assessing a claimant's credibility, take into consideration the claimant's criminal history, especially when such involves crimes involving theft and/or dishonesty. *See, e.g., Adams v. Commissioner of Social Security*, 2011 WL 2650688 at *1 (W.D. Mich., July 6, 2011); *Karout v. Astrue*, 2013 WL 1946222 at *5 (D. Or., May 6, 2013); *Yousif v. Astrue*, 2013 WL 764859 at *9. Accordingly, this argument is rejected.

## **<u>CONCLUSION</u>**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.  A judgment consistent with this opinion will enter.


Date:  January 19, 2017                                           /s/ Ellen S. Carmody
                                                                   ELLEN S. CARMODY
                                                                   United States Magistrate Judge